UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JAMES ALDERMAN and JEAN LOSADA,
*on behalf of themselves and*
*all others similarly situated*

    Plaintiffs,

v.

GATESTONE & CO. INTERNATIONAL INC.,
*a Delaware Corporation*

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiffs, James Alderman and Jean Losada allege violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Defendant conducts business in this District.

## PARTIES

3. Plaintiff, James Alderman ("Plaintiff Alderman"), is a natural person and citizen of the State of Florida, residing in Indian River County, Florida.

4. Plaintiff, Jean Losada ("Plaintiff Losada"), is a natural person and citizen of the State of Florida, residing in Palm Beach County, Florida.

5. Plaintiff Alderman and Plaintiff Losada herein collectively referred to as "Plaintiffs."

6. Defendant, Gatestone & Co. International Inc., ("Defendant"), is a Delaware Corporation engaged in the business of collecting consumer debts, which operates from offices located at 1000 N. West Street Suite 1200, Wilmington, Delaware 19801.

7. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

8. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

9. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiffs' alleged debts.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiffs an alleged debt incurred by Plaintiffs for personal, family, or household purposes; more specifically, the debts at issue were delinquent credit card debts.

11. On or about August 6, 2016, Defendant sent a demand letter to Plaintiff Alderman that sought to collect an alleged debt due to Bank of America, N.A. for an account whose number ended in 4901. (The "Demand Letter 1"). Attached hereto as "Exhibit 1."

12. On or about August 6, 2016, Defendant sent a demand letter to Plaintiff Alderman that sought to collect an alleged debt due to Bank of America, N.A. for an account whose number ended in 4095. (The "Demand Letter 2"). Attached hereto as "Exhibit 2."

13. On or about March 11, 2016, Defendant sent a demand letter to Plaintiff Losada that sought to collect an alleged debt due to BMO Harris Bank, N.A. for an account whose number ended in 7090. (The "Demand Letter 3"). Attached hereto as "Exhibit 3."

14. Demand Letter 1, Demand Letter 2, and Demand Letter 3 are herein collectively referred to as the "Demand Letters."

15. The Demand Letters were Defendant's initial communication with Plaintiffs with respect to the debts alleged therein.

16. The Defendant's Demand Letters stated in part:

> If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
>
> xxxx
>
> Please make sure that your payment clearly identifies your name and that of your creditor so that payment can be properly applied to your account. All payments mailed to this office should be payable to Gatestone & Co. International Inc.
>
> Online check payments can be made on our website at www.gatestoneco.com[.]

17. Pursuant *15 U.S.C §1692g(a)* Defendant must provide Plaintiffs with:

> Validation of debts.
>
> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added)

18. *15 U.S.C. § 1692e(10)* states:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    xxxx

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19. Defendant's Demand Letters falsely and misleadingly pronounce the verification rights of Plaintiffs provided by *15 U.S.C. § 1692g*. Defendant's statement "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." omits that the Plaintiffs written notification must dispute the debt or any portion thereof as stated in *15 U.S.C. § 1692g(4)*.

20. In addition, Defendant's statement "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." is misleading and confusing as it is subject to more than one interpretation. Defendant's statement does not inform the Plaintiffs

of what they need to notify Defendant's office of, i.e. that they need to dispute the debt or any portion thereof, as opposed to, for example, writing to notify the Defendant that the consumer cannot afford to make any payment on the debt.

21. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS
## AS TO DEFENDANT

22. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters that contained the language: "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." (iii) were mailed, delivered or caused to be served by the Defendant (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

23. Plaintiffs allege on information and belief based upon the Defendant's use of the phrase: "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." in its letters served upon the Class is so numerous that joinder of all members of the Class is impractical.

24. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was served with a letter by Defendant that contained the phrase: "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain

verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."  The common principal legal issue is whether Defendant's wording violated the *FDCPA* by misleading the least sophisticated consumer to believe that they were being given the correct validation notice required by *15 U.S.C. §1692g* after an "initial communication" by a debt collector.

25. Plaintiffs' claims are typical of those of the Class members.  All are based on the same facts and legal theories.

26. Plaintiffs will fairly and adequately protect the interests of the Class.  They have retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

27. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Plaintiffs request certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; their appointment as Class Representatives; and that their attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I

### VIOLATION OF *15 U.S.C. § 1692g(a)(4)* CLASS CLAIM AGAINST DEFENDANT

29. Plaintiffs incorporate Paragraphs 1 through 21.

30. *15 U.S.C. §1692g(a)(4)* states after an initial communication the Defendant must provide Plaintiffs with:

> (4) [A] a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

31. Defendant sent the Demand Letters to Plaintiffs on behalf of Plaintiffs' creditors in an attempt to collect a consumer debt, namely to collect alleged debts due to Plaintiffs' various credit card accounts.

32. By claiming to have given Plaintiffs the information required by the *FDPCA*, Defendant has attempted to mislead Plaintiffs and the Class into believing that each Demand Letter contained the proper validation notice required under the *Fair Debt Collection Practices Act*.

33. Defendant's Demand Letters omit that the consumer, in order to receive the benefits provided by *15 U.S.C. § 1692g(a)(4)*, must specifically dispute the debt or any portion thereof.

34. Defendant's statement in its Demand Letters only state that the Plaintiffs need to notify Defendant's office, however it does not inform the Plaintiffs of what they need to "notify" Defendant's office of, i.e. that the consumer needs to dispute the amount of the debt to receive verification of the debt or a copy of a judgment if one exists.

35. Defendant's statement "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." could mislead the least sophisticated consumer to believe that he or she could notify Defendant's office in writing of their inability to pay the debt or to request a payment plan and the Defendant would send the consumer verification

of the debt pursuant to the statute, and while not stated, invoke the protections afforded to consumers by *15 U.S.C. § 1692g(b)*.

36. As a result of Defendant's conduct, Plaintiffs and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

37. As a result of Defendant's conduct, Plaintiffs and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

### COUNT II

### VIOLATION OF *15 U.S.C. § 1692e*
### CLASS CLAIM AGAINST DEFENDANT

38. Plaintiffs re-allege Paragraphs 1 through 21 and Paragraphs 30 through 35.

39. *15 U.S.C. § 1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40. Defendant sent the Demand Letters to Plaintiffs on behalf of Plaintiffs' creditors in an attempt to collect a consumer debt, namely to collect alleged debts due to Plaintiffs' various credit card accounts.

41. By claiming to have given Plaintiffs the information required by the *FDPCA*, Defendant has attempted to mislead Plaintiffs and the Class into believing that the Demand Letter contained the proper validation notice required under the *Fair Debt Collection Practices Act*.

42. Defendant's Demand Letters omit that the consumer may dispute any portion of the debt in writing despite the clear wording of *15 U.S.C. §1692g(a)(4)*.

43. Defendant's Demand Letter is a misstatement of *15 U.S.C. § 1692g(a)(4)* that would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it omits that the Plaintiffs and the Class must dispute the debt or any portion thereof in order to receive verification of the debt as well as the protections available pursuant to *15 U.S.C. § 1692g(b)*.

44. Defendant's statement in its Demand Letters only states that the Plaintiffs need to notify Defendant's office, however it does not inform the Plaintiffs of what they need to notify Defendant's office of, i.e. that the consumer needs to dispute the amount of the debt to receive verification of the debt or a copy of a judgment if one exists.

45. Defendant's statement "If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." could mislead the least sophisticated consumer to believe that he or she could notify Defendant's office in writing of their inability to pay the debt or to request a payment plan and the Defendant would send the consumer verification of the debt.  Defendant's statement is susceptible to more than one interpretation.

46. As a result of Defendant's conduct, Plaintiffs and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

47. As a result of Defendant's conduct, Plaintiffs and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in their favor against Defendant for:

    a. An Order certifying this matter as a Class action and appointment of Plaintiffs as Class Representatives as to all claims against Defendant;

    b.  An Order appointing Leo W. Desmond as Class Counsel;

    c.  An award of statutory damages for Plaintiffs and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

    d.  An award of attorney's fees, litigation expenses and costs of the instant suit; and

    e.  Such other or further relief as the Court deems proper.

Dated: December 7, 2016.

Respectfully submitted,

DESMOND LAW FIRM, P.C.

/s/ Leo W. Desmond
LEO W. DESMOND, ESQ.
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: 772-231-9600
Facsimile:   772-231-0300
lwd@verobeachlegal.com

SOVATHARY K. JACOBSON, ESQ.
Florida Bar No. 102200
5070 Highway A1A
Suite D
Vero Beach, FL  32963
Telephone: 772-231-9600
Facsimile:   772-231-0300
jacobson@verobeachlegal.com
*Attorneys for Plaintiffs*